UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Douglas Vaughan, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br><br>　　-v.-<br><br>Fein, Such, Kahn & Shepard,<br>P.C. and John Does 1-25.<br><br>　　　　　　　　　　　Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Douglas Vaughan ("Plaintiff") by and through his attorneys, Stein Saks PLLC as and for is Complaint against Defendant Fein, Such, Kahn & Shepard, P.C. (hereinafter "FSKS") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　　　Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Passaic, with an address of 144 Lawrence St., Apartment 3, Paterson, New Jersey 07501.

8. Defendant FSKS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address At 7 Century Drive, 2nd Floor, Parsippany, NJ 07054.

9. Upon information and belief, Defendant FSKS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
    a. all individuals with addresses in the State of New Jersey;
    b. to whom Defendant FSKS sent a collection letter attempting to collect a consumer debt;
    c. attempting to collect a consumer debt;
    d. that has been reduced to judgment;
    e. without stating that interest is accruing on the judgment or that the interest is being waived;

  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges,

that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e, 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to March 4, 2021, an obligation was allegedly incurred to Greater Alliance Federal Credit Union by the Plaintiff.

22. The Greater Alliance Federal Credit Union obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes.

23. The alleged Greater Alliance Federal Credit Union obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. Greater Alliance Federal Credit Union is a "creditor" as defined by 15 U.S.C. §1692a(4).

25. Defendant FSKS, a debt collector, was contracted by Greater Alliance Federal Credit Union to collect the alleged debt which originated with Greater Alliance Federal Credit Union

26. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – March 4, 2021 Collection Letter*

27. On or about March 4, 2021, Defendant FSKS sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant Greater Alliance Federal Credit Union.  **See Exhibit A**.

28. The collection letter references an alleged debt that has been transformed into a "wage garnishment" with an alleged "current balance of wage garnishment as of March 4, 2021 of $933.54."

29. The letter further states: "Please be advised that the law firm of Fein, Such, Kahn & Shepard, P.C. now represents the Plaintiff in this matter.  As a result we are providing consumer with the Consumer Notice Pursuant to Federal Statute.

A review of the file shows that there is an active wage garnishment in this matter which may have resulted in credits on the consumer's account that have not yet been reported to Plaintiff. Credits may continue to accrue and will be applied to the consumer's account upon receipt."

30. The letter further provides the required G-notice, as follows:

1. Unless the consumer within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

2. If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the

debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

3. Upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name an address of the original creditor, if different from the current creditor.                                                                                                              .

31.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

32. The alleged balance is due to a judgment.

33. The letter does not state that interest is accruing on the judgment.

34. The letter does not state that interest is waived on the judgment.

35. Plaintiff knows that judgments generally accrue interest.

36. Therefore the "Total Due" on this judgment is more than $933.54, due to the accumulation of additional interest.

37. The amount stated as due is therefore false, deceptive, misleading, and unfair.

38. If Defendants are waiving statutory interest, they must so state.

39. Defendants' failure to do so was false, deceptive, misleading, and unfair.

40. This is especially deceptive considering that this letter is the initial collection letter, otherwise known as the G-Notice, which requires the debt collector to clearly state the amount of the debt.

41. Even if Defendants did not intend to collect any interest, because they did not bindingly waive the right to do so, they retained the right to do so at any point.

42. Because of this, even if Plaintiff paid the full amount he would not know whether the debt has been paid in full as Defendants could still seek the statutorily accrued interest or a subsequent debt buyer could.

43. In addition, the letter does not clearly state the current creditor or the original creditor, it merely references that the debt collector represents the "Plaintiff."

44. The least sophisticated consumer would not discern that a Plaintiff is necessarily the current or original creditor.

45. In addition, the notice required in the initial collection letter is generic and unclear by referring to "the consumer" and "the debt collector" to communicate with each other regarding disputes but does not identify Defendant as "the debt collector."

46. Defendant's letter does not clearly identify themselves as "the debt collector" nor does it state to communicate with "their office," and therefore Defendant has not clearly communicated Plaintiff's dispute rights as required under 15 U.S.C. § 1692g.

47. Because of Defendants' improper collection actions Plaintiff was unable to properly respond to the letter.

48. Because of Defendants' improper collections actions Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had Defendant's letter not contained false, deceptive, misleading, or unfair content.

49. Plaintiff was confused as to the debt and the amount involved here and how this implicates his alleged responsibilities for making payment thereon.

50. Plaintiff was concerned and confused by the Letter.

51. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

52. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

53. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

54. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

55. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff

with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

56. Defendants' false, deceptive, misleading and/or unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

57. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

58. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

59. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated said section by:

    a. Making a false and misleading representation in violation of but not limited to §1692e (10).

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;
2. The name of the creditor to whom the debt is owed;
3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt

       collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68. The Defendant violated 15 U.S.C. §1692g, by not stating the amount of debt properly, not clearly naming the creditor and not conveying the debtor's rights in a clear manner.

69. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Douglas Vaughan, individually and on behalf of all others similarly situated, demands judgment from Defendant FSKS, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;
2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

DATED, this 25th day of August 2021

/s/Raphael Deutsch
Raphael Deutsch, Esq.
**Stein Saks, PLLC**
*Attorneys for Plaintiff*
One University Plaza, Suite 620
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*